### ATLANTIC & PACIFIC TEA CO v DAVIS

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9439. Decided Feb 11, 1929

Squire, Sanders & Dempsey, Cleveland, for Tea Co.

L E Appleton, Cleveland, for Davis.

case of **Schnable, a minor vs Cleveland, Chicago & St. Louis Railroad Co., 102 OS. 97,** has laid down this doctrine and we think it applicable to the instant case.

It is our unanimous judgment that the doctrine in Ohio applicable to the facts in the record is laid down in Schnable supra, and governs this case.

Thus holding, the judgment of the Common Pleas Court is hereby affirmed.

Vickery and Levine, JJ, concur.

## KOPACHY v BLANK et.

Ohio Appeals, 9th Dist, Lorain Co

No 482.    Decided April 12, 1929

**SULLIVAN, PJ.**

It is argued that the record upon this point is insufficient to make the company liable because there is no application of the doctrine applying to master and servant, or to put it another way, to the principle of respondeat superior, and many authorities are quoted by learned counsel for defendant below, to support this contention, but it must not be forgotten that there is some substantive evidence in the record at least tending to show that the son in question had previously worked at the store and had performed acts of a similar nature for the clerk or manager and that he therefore could be characterized in law as a servant and employe of the defendant.

Keeping in mind that the former employment by the manager of the son on previous occasions remained unchallenged, it follows as a circumstance and inference that the clerk was acting within the scope of his authority, especially when we consider that to apply a different theory would be to establish a doctrine that would approve of the authority exercised in the case at bar by the manager to the detriment and danger of a patron, and customer of the store, who might be injured as a result of the act imposed upon the third person by one who is unquestionably in sole authority upon the premises.

It is apparent from the record that the open hatchway was in plain view of the manager and from this fact in the record it is unreasonable to conclude that it does not attach itself directly to the manager himself, independent of the order that was given to the son of the customer to open the trap door in the floor.

Our Supreme Court, under circumstances similar to those of the case at bar, in the